UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM H. LOVETT, JR. d/b/a<br>HARDEE ANIMAL CLINIC<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br>(Injunctive Relief Sought) |

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendant William H. Lovett, Jr., d/b/a Hardee Animal Clinic enjoined from violating the provisions of §§ 7 and 11 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A. Defendant William H. Lovett, Jr., Doctor of Veterinary Medicine, owns and maintains a registered Professional Association under his name in the State of Florida and does business as Hardee Animal Clinic, located at 1927 U.S. Hwy. 17 North, Wauchula, Florida. Defendant has acted directly or indirectly in its interest in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A. Defendant, engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in

commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since at least November 28, 2015, Defendant has paid his employees an hourly wage for all work performed for 40 hours or less per workweek. For hours worked over 40 in a workweek, Defendant paid the employees the same hourly rate but classified such payments as a "discretionary bonus."

V

Defendant repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Defendant, an employer subject to the provisions of the Act, violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c)

and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

## VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

    A.    Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendant, his agents, servants, employees and all persons in active concert or participation with him from violating the provisions of §§ 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

    B.    Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

    C.    And for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 30th day of May, 2019.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5489
 (404) 302-5438 (FAX)

Email:
fisher.jeremy.k@dol.gov
ATL.FEDCOURT@dol.gov

SOL Case No. 18-00557

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By:_____
 JEREMY K. FISHER
 Senior Trial Attorney
 GA Bar No. 132008

Office of the Solicitor
U.S. Department of Labor
Attorneys for Plaintiff.

## Hardee Animal Clinic
## Appendix A

1. Ellis, Julie
2. Jarns, Shannon
3. Mitchell, Denia
4. Sockalosky, Katrina
5. Sockalosky, Leigh
6. Steedy, Bettye
7. Steedy, Chelsey